UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NA, OPTION ONE MORTGAGE LOAN TRUST,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL A. BOWIE,<br><br>　　　　Defendant. | Case No:  C 09-2862 SBA<br><br>**ORDER REMANDING ACTION** |

　　　　On December 8, 2008, Plaintiff Wells Fargo Bank N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD1 Asset-Backed Certificates, Series 2007-FXD1 ("Wells Fargo"), filed an unlawful detainer action against Defendant, Michael A. Bowie ("Bowie"), in the Alameda County Superior Court.  According to the Complaint, Bowie's property was sold at foreclosure, but he initially refused to vacate.  However, Bowie apparently is no longer residing at the subject premises.

　　　　On June 25, 2009, Bowie, acting pro se, filed a Notice of Removal and a request for a temporary restraining order ("TRO").  Though not entirely clear, he apparently seeks a TRO to regain possession of the premises from which he was evicted.  There is no indication that Wells Fargo has been served with the Notice of Removal or the TRO request.

　　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal

1 statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The Notice of Removal attempts to invoke the Court's original jurisdiction under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* However, there is no RESPA claim alleged in the pleadings, which alleges only a single count for unlawful detainer. Although the citizenship of the parties is not alleged, the Complaint specifies that the amount in controversy does not exceed $10,000. As such, there also is no basis for diversity jurisdiction. 28 U.S.C. § 1332. Given the clear lack of subject matter jurisdiction, the Court has no alternative other than to remand the action to state court. Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: June 30, 2009

*Saundra B. Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, NA,

       Plaintiff,

  v.

MICHAEL A. BOWIE et al,

       Defendant.

                                Case Number: CV09-02862 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael A. Bowie
P.O. Box 1472
Oakland, CA 94604

Dated: June 30, 2009

                                Richard W. Wieking, Clerk

                                       By: LISA R CLARK, Deputy Clerk